UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  **Docket # 13-CV-02328**
RYAN RODRIGUEZ,

               Plaintiff,

      -against-                               **FIRST AMENDED**
                                                      **COMPLAINT**
THE CITY OF NEW YORK, SGT. JOSEPH IMPERATRICE,
P.O. RICHARDSON RABIL, s/h/a P.O. RICHARD RUBIL
and P.O. STEVEN STILLER, individually and in their
official capacities,                                  **JURY TRIAL DEMANDED**

               Defendants.
------------------------------------------------------------------------X

      Plaintiff RYAN RODRIGUEZ, by his attorney, LAW OFFICE OF DALE I. FREDERICK, PC, complaining of the defendants, respectfully alleges as follows:

## **PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## **JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## **VENUE**

      4.    Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RYAN RODRIGUEZ is a Latin-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants SGT. JOSEPH IMPERATRICE, P.O. RICHARDSON RABIL, sued herein as P.O. RICHARD RUBIL, and P.O. STEVEN STILLER were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## INCIDENT FACTS

13. On April 29, 2012, at approximately 1:20 a.m., plaintiff RYAN RODRIGUEZ was lawfully present at Madison Street and Grand Street, in the County of New York, in the City and State of New York.

14. At aforesaid time and place, plaintiff RYAN RODRIGUEZ did not assault a civilian, obstruct governmental administration, resist arrest, possess a weapon or commit any other crime.

15. At aforesaid time and place, plaintiff RYAN RODRIGUEZ was not behaving in a manner that would suggest to any reasonable police officer that plaintiff assaulted a civilian, obstructed governmental administration, resisted arrest, possessed a weapon or committed any crime.

16. At aforesaid time and place, plaintiff RYAN RODRIGUEZ was suddenly accosted by members of the New York City Police Department, including defendants SGT. JOSEPH IMPERATRICE, P.O. RICHARDSON RABIL, sued herein as P.O. RICHARD RUBIL, and P.O. STEVEN STILLER.

17. Defendants SGT. JOSEPH IMPERATRICE, P.O. RICHARDSON RABIL, sued herein as P.O. RICHARD RUBIL, and P.O. STEVEN STILLER handcuffed plaintiff RYAN RODRIGUEZ too tightly and placed him under arrest for assaulting a civilian, obstructing governmental administration, resisting arrest an possessing a weapon, despite defendants' knowledge that they lacked probable cause to do so.

18. As a result of being handcuffed too tightly, plaintiff RYAN RODRIGUEZ sustained physical injuries.

19. Defendants transported plaintiff RYAN RODRIGUEZ to a precinct of the New York City Police Department in New York, New York.

20. While at the precinct, plaintiff RYAN RODRIGUEZ was subjected to an unlawful search.

21. Plaintiff RYAN RODRIGUEZ was then transported to New York County Central Booking.

22. Defendants SGT. JOSEPH IMPERATRICE, P.O. RICHARDSON RABIL, sued herein as P.O. RICHARD RUBIL, and P.O. STEVEN STILLER falsely swore in a criminal court complaint and supporting affidavits that plaintiff RYAN RODRIGUEZ assaulted a civilian, obstructed governmental administration, resisted arrest or possessed a weapon.

23. Each Defendant, knowing the criminal court complaint and supporting affidavits to be false, aided and abetted the other defendants by failing to reveal this information.

24. Plaintiff RYAN RODRIGUEZ was held and detained in police custody for over twenty-four hours.

25. Defendants SGT. JOSEPH IMPERATRICE, P.O. RICHARDSON RABIL, sued herein as P.O. RICHARD RUBIL, and P.O. STEVEN STILLER initiated criminal proceedings against plaintiff RYAN RODRIGUEZ despite defendants' knowledge that they lacked probable cause to do so.

26. During the period between April 29, 2012 and March 26, 2013, plaintiff RYAN RODRIGUEZ was required to make court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

27. On or about March 26, 2013, all charges against plaintiff RYAN RODRIGUEZ were dismissed on motion of the District Attorney's Office.

28. As a result of the foregoing, plaintiff RYAN RODRIGUEZ sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## MONELL FACTS

29. Upon information and belief, at all times hereinafter mentioned, defendants were assigned to the 7th Precinct.

30. Both before and after the arrests of plaintiff RYAN RODRIGUEZ, a custom and practice of lawlessness and corruption pervaded New York City Police Department.

31. As a direct result of this custom and practice, defendants felt free to arrest plaintiff without probable cause and to manufacture evidence against him.

32. This custom and practice was finally exposed in January of 2008, when four officers from New York Police Department were arrested and charged with criminal offenses.

33. Shortly thereafter, another officer was suspended and fifteen more were placed on desk duty in the Brooklyn South Narcotics.

34. In the wake of this scandal, the citywide narcotics commander was relieved of his post, and the head of Brooklyn South Narcotics and two captains were transferred.

35. Upon information and belief, because of the custom and practice of corruption and lawlessness in the New York City Police Department, more than 150 criminal prosecutions had to be dismissed by the District Attorney's Office.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff RYAN RODRIGUEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of the aforesaid conduct by defendants, plaintiff RYAN RODRIGUEZ was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or

consent.

44. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

47. The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

48. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest, malicious prosecution, and excessive force.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants issued legal process to place plaintiff RYAN RODRIGUEZ under arrest.

51. Defendants arrested plaintiff RYAN RODRIGUEZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

52. Defendants acted with intent to do harm to plaintiff RYAN RODRIGUEZ without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

55. As a result of the aforementioned conduct of defendants, plaintiff RYAN RODRIGUEZ was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants invasively searched plaintiff RYAN RODRIGUEZ in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

58. As a result of the foregoing, plaintiff RYAN RODRIGUEZ was subjected to an illegal and improper invasive search under his clothing.

59. The foregoing unlawful strip search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants misrepresented and falsified evidence before the District Attorney.

62. Defendants did not make a complete and full statement of facts to the District Attorney.

63. Defendants withheld exculpatory evidence from the District Attorney.

64. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff RYAN RODRIGUEZ.

65. Defendants lacked probable cause to initiate criminal proceedings against plaintiff RYAN RODRIGUEZ.

66. Defendants acted with malice in initiating criminal proceedings against plaintiff RYAN RODRIGUEZ.

67. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff RYAN RODRIGUEZ.

68. Defendants lacked probable cause to continue criminal proceedings against plaintiff RYAN RODRIGUEZ.

69. Defendants acted with malice in continuing criminal proceedings against plaintiff RYAN RODRIGUEZ.

70. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

71. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff RYAN RODRIGUEZ's favor on March 26, 2013, when all charges against him were dismissed on motion of the District Attorney's Office.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants arrested and incarcerated plaintiff RYAN RODRIGUEZ in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

74. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

75. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department and division.

76. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions; and

   c) invasively searching prisoners in the absence of any individualized reasonable suspicion.

77. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   $ **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

   $ **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

$ **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

$ **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

$ **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

$ **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

$ **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

$ **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698; and

$ **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff RYAN RODRIGUEZ.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, were the direct and proximate cause of the constitutional violations suffered by plaintiff RYAN RODRIGUEZ as alleged herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, were the moving force behind the constitutional violations suffered by plaintiff RYAN RODRIGUEZ as alleged herein.

81. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RYAN RODRIGUEZ were falsely arrested and incarcerated, maliciously prosecuted, and invasively searched.

82. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff RYAN RODRIGUEZ.

83. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

**PENDANT STATE CLAIMS**

84. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

85. On or about July 10, 2012, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

86. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

87. The City of New York has not conducted a hearing pursuant to General Municipal Law § 50-h upon the Notice of Claim.

88. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

89. Plaintiff has complied with all conditions precedent to maintaining the instant action.

90. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW:**
**FALSE ARREST**

91. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendant police officers arrested plaintiff RYAN RODRIGUEZ in the absence of probable cause and without a warrant.

93. As a result of the aforesaid conduct by defendants, plaintiff RYAN RODRIGUEZ was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

94. The aforesaid actions by the defendants constituted a deprivation of plaintiff RYAN RODRIGUEZ's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

95. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. As a result of the foregoing, plaintiff RYAN RODRIGUEZ was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

97. Plaintiff RYAN RODRIGUEZ was conscious of said confinement and did not consent to same.

98. The confinement of plaintiff RYAN RODRIGUEZ was without probable cause and was not otherwise privileged.

99. As a result of the aforementioned conduct, plaintiff RYAN RODRIGUEZ has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
### ASSAULT

100. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Defendants' aforementioned actions placed plaintiff RYAN RODRIGUEZ in apprehension of imminent harmful and offensive bodily contact.

102. As a result of defendants' conduct, plaintiff RYAN RODRIGUEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
### BATTERY

103. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Defendant police officers touched plaintiff RYAN RODRIGUEZ in a harmful and offensive manner.

105. Defendant police officers did so without privilege or consent from plaintiff RYAN RODRIGUEZ.

106. As a result of defendants' conduct, plaintiff RYAN RODRIGUEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:**
**MALICIOUS PROSECUTION**

107. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. On or about April 29, 2012, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff RYAN RODRIGUEZ, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

109. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff RYAN RODRIGUEZ had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

110. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff RYAN RODRIGUEZ.

111. Defendants lacked probable cause to initiate criminal proceedings against plaintiff RYAN RODRIGUEZ.

112. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff RYAN RODRIGUEZ.

113. Defendants misrepresented and falsified evidence before the District Attorney.

114. Defendants did not make a complete and full statement of facts to the District Attorney.

115. Defendants withheld exculpatory evidence from the District Attorney.

116. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff RYAN RODRIGUEZ.

117. Defendants lacked probable cause to continue criminal proceedings against plaintiff RYAN RODRIGUEZ.

118. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff RYAN RODRIGUEZ.

119. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff RYAN RODRIGUEZ's favor on or about March 26, 2013, when all charges against plaintiff were dismissed.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: MALICIOUS ABUSE OF PROCESS

120. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. Defendant police officers issued legal process to place plaintiff RYAN RODRIGUEZ under arrest.

122. Defendant police officers arrested plaintiff RYAN RODRIGUEZ to obtain a collateral objective outside the legitimate ends of the legal process.

123. Defendant police officers acted with intent to do harm to plaintiff RYAN RODRIGUEZ, without excuse or justification.

124. As a result of the aforementioned conduct, plaintiff RYAN RODRIGUEZ suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

125. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

127. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

128. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

129. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff RYAN RODRIGUEZ.

130. As a result of the aforementioned conduct, plaintiff RYAN RODRIGUEZ suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING AND RETENTION

131. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff RYAN RODRIGUEZ.

133. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants SGT. JOSEPH IMPERATRICE, P.O. RICHARDSON RABIL, sued herein as P.O. RICHARD RUBIL, and P.O. STEVEN STILLER to engage in the wrongful conduct heretofore alleged in this Complaint.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

134. Plaintiff RYAN RODRIGUEZ repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth herein.

135. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff RYAN RODRIGUEZ.

136. All of the foregoing acts by defendants deprived plaintiff RYAN RODRIGUEZ of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon them;

    D. To be free from unlawful search;

    E. To be free from malicious abuse of process;

    F. To be free from unwarranted and malicious criminal prosecution;

    G. Not to have cruel and unusual punishment imposed upon them; and

    H. To receive equal protection under the law.

137. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the

individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff RYAN RODRIGUEZ demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: Kew Gardens, New York
August 22, 2013

>*/s/ Dale I. Frederick, Esq.*
> LAW OFFICE OF DALE I. FREDERICK, PC
> 125-10 Queens Boulevard, Suite 7
> Kew Gardens, New York 11415
> (o) 347-247-6917
> Dale. Frederick@gmail.com

To:

Clerk of the Court
VIA ECF

Deborah Mbabazi, Esq.
New York City Law Department
VIA ECF